# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SUN COMMODITIES, INC. d/b/a SUN
CITY PRODUCE CO.,

        Plaintiff,

vs.                                                  Case No. 19-cv-62332-MGC

PENN DUTCH FOOD CENTER, INC.,
PENN DUTCH FOOD CENTER II, INC.,
RICKI SALSBURG, PAUL SALSBURG,
WILLIAM SALSBURG, GREG
SALSBURG, MICAH SALSBURG,
SOPHY SALSBURG, JACOB SALSBURG,
PENN DUTCH FOOD CENTER III, LLC,
and PENN DUTCH PLAZA, LLC,

        Defendants.
_____/

FRESHPOINT SOUTH FLORIDA, INC.,
t/a FRESHPOINT SOUTH FLORIDA,

        Intervening Plaintiff,

vs.

PENN DUTCH FOOD CENTER, INC., t/a
PENN DUTCH MEAT AND SEAFOOD
MARKET, a/t/a PENN DUTCH - HOLLYWOOD,
And PENN DUTCH FOOD CENTER II, INC.,
t/a PENN DUTCH MEAT AND SEAFOOD
MARKET, a/t/a PENN DUTCH - MARGATE,
and GREG SALSBURG, individually,
and WILLIAM SALSBURG, individually,
and RICKI SALSBURG, individually, and
PAUL SALSBURG, individually, and
MICAH SALSBURG, individually, and
SOPHY SALSBURG, individually, and
JACOB SALSBURG, individually,

        Defendants.
_____/

1

## COMPLAINT IN INTERVENTION
### (To Enforce Payment From Produce Trust)

Intervening Plaintiff, Fresh Point of South Florida, Inc. t/a Fresh Point South Florida ("Fresh Point"), for its complaint in intervention against Defendants Penn Dutch Food Center, Inc. t/a/ Penn Dutch Meat and Seafood Market, a/t/a Penn Dutch - Hollywood, Penn Dutch Food Center II, Inc. t/a/ Penn Dutch Meat and Seafood Market, a/t/a Penn Dutch - Margate, Greg Salsburg, individually, William Salsburg, individually, Ricki Salsburg, individually, Paul Salsburg, individually, Micah Salsburg, individually, Sophy Salsburg, individually, and Jacob Salsburg, individually, alleges:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §§499e(b) and 499e(c)(5) (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiffs' claims arose in this District and (b) Defendants reside in this District.

### PARTIES

3. Intervening Plaintiff, Fresh Point, a Florida corporation with a principal place of business in Pompano Beach, Florida, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Penn Dutch Food Center, Inc. t/a/ Penn Dutch Meat and Seafood Market, a/t/a Penn Dutch - Hollywood, ("Penn Dutch - Hollywood"), a Florida corporation with its principal place of business in Hollywood, Florida, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA.

2

b.   Defendant, Penn Dutch Food Center II, Inc. t/a/ Penn Dutch Meat and Seafood Market, a/t/a Penn Dutch - Margate, ("Penn Dutch - Margate"), a Florida corporation with its principal place of business in Margate, Florida, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA.

c.   Defendant, Greg Salsburg, is and was a shareholder, officer, and/or director of Penn Dutch – Hollywood and Penn Dutch - Margate who controlled the day to day operations of the corporate defendants and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

d.   Defendant, William Salsburg, is and was a shareholder, officer, and/or director of Penn Dutch – Hollywood and Penn Dutch - Margate who controlled the day to day operations of the corporate defendants and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

e.   Defendant, Ricki Salsburg, is and was a shareholder, officer, and/or director of Penn Dutch – Hollywood and Penn Dutch - Margate who controlled the day-to-day operations of the corporate defendants and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

f.   Defendant, Paul Salsburg, is and was a shareholder, officer, and/or director of Penn Dutch – Hollywood and Penn Dutch - Margate who controlled the day-to-day operations of the corporate defendants and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

g.   Defendant, Micha Salsburg, is and was an officer and/or manager of Penn Dutch – Hollywood and Penn Dutch - Margate who, upon information and belief, controlled the day-

3

to-day operations of the corporate defendants and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

       h.      Defendant, Sophy Salsburg, is and was an officer and/or manager of Penn Dutch – Hollywood and Penn Dutch - Margate who, upon information and belief, controlled the day-to-day operations of the corporate defendants and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

       i.      Defendant, Jacob Salsburg, is and was an officer and/or manager of Penn Dutch – Hollywood and Penn Dutch - Margate who, upon information and belief, controlled the day-to-day operations of the corporate defendants and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

## GENERAL ALLEGATIONS

5.     This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6.     Between July 3, 2019 and September 4, 2019, Intervening Plaintiff sold and delivered to Defendant Penn Dutch-Hollywood wholesale perishable agricultural commodities ("produce") having an aggregate value of $111,681.90, which had been shipped or moved in interstate commerce or contemplation thereof, all of which remains unpaid.

7.     Between July 8, 2019 and September 11, 2019, Intervening Plaintiff sold and delivered to Defendant Penn Dutch-Margate wholesale produce having an aggregate value of $97,742.90, which had been shipped or moved in interstate commerce or contemplation thereof, all of which remains unpaid.

8.     Defendants accepted the produce from Intervening Plaintiff.

9. At the time of receipt of the produce, Intervening Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

10. Intervening Plaintiff preserved its interest in the PACA trust in the principal amount of $209,424.80 by sending invoices to Defendants containing the statutory language required to preserve trust benefits pursuant to 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce.

11. Upon information and belief, Defendant Penn Dutch - Hollywood ceased operating on or about September 9, 2019 without paying Intervening Plaintiff, while Defendant Penn Dutch – Hollywood ceased operating on or about September 17, 2019 without paying Intervening Plaintiff. Defendants' cessation of operations and failure to pay Intervening Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Intervening Plaintiff and are dissipating trust assets.

<u>Count 1</u>
(Failure to Pay Trust Funds – All Defendants)

12. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of Defendants to make payment to Intervening Plaintiff of trust funds in the aggregate amount of $209,424.80 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

WHEREFORE, Intervening Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $209,424.80 to Intervening Plaintiff.

Count 2
(Failure to Pay for Goods Sold – Penn Dutch-Hollywood and Penn Dutch-Margate)

14. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

15. Defendants Penn Dutch-Hollywood and Penn Dutch-Margate have ceased operations and failed and refused to pay Intervening Plaintiff the aggregate sum of $209,424.80 owed to Intervening Plaintiff for produce received by Defendants from Intervening Plaintiff.

WHEREFORE, Intervening Plaintiff requests judgment in the aggregate amount of $209,424.80 against Defendants Penn Dutch-Hollywood and Penn Dutch-Margate as follows:

a. In favor of Intervening Plaintiff and against Defendant Penn Dutch-Hollywood in the principal amount of $111,681.90; and,

b. In favor of Intervening Plaintiff and against Defendant Penn Dutch-Margate in the principal amount of $97,742.90.

Count 3
(Failure to Make Prompt Payment – Penn Dutch-Hollywood and Penn Dutch-Margate)

16. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

17. Defendant Penn Dutch-Hollywood received each of the shipments described in paragraph 6 above.

18. Defendant Penn Dutch-Margate received each of the shipments described in paragraph 7 above.

19. Defendants Penn Dutch-Hollywood and Penn Dutch-Margate are required to promptly tender to Intervening Plaintiff full payment for the produce received in those shipments pursuant to PACA.

20. Defendants Penn Dutch-Hollywood and Penn Dutch-Margate failed to pay for the produce supplied by Intervening Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

21. As a direct and proximate result of Defendants Penn Dutch-Hollywood and Penn Dutch-Margate's failure to pay promptly, Intervening Plaintiff has incurred damages in the aggregate principal amount of $209,424.80, plus interest from the date each invoice became past due, costs and attorneys' fees.

WHEREFORE, Intervening Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of the aggregate principal sum of $209,424.80, plus interest, costs and attorney's fees.

<u>Count 4</u>
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Greg Salsburg)

22. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

23. Defendant Greg Salsburg is and was an officer, manager, director and/or shareholder of Penn Dutch-Hollywood and Penn Dutch-Margate who operated the defendant companies during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

24. Defendant Greg Salsburg failed to direct the defendant companies to fulfill their statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

25. Defendant Greg Salsburg's failure to direct the defendant companies to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

26. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant Greg Salsburg in the aggregate principal amount of $209,424.80, plus interest, costs and attorney's fees.

Count 5
(Unlawful Dissipation of Trust Assets by
a Corporate Official – William Salsburg)

27. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

28. Defendant William Salsburg is and was an officer, manager, director and/or shareholder of Penn Dutch-Hollywood and Penn Dutch-Margate who operated the defendant companies during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

29. Defendant William Salsburg failed to direct the defendant companies to fulfill their statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

30. Defendant William Salsburg's failure to direct the defendant companies to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

31. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant William Salsburg in the aggregate principal amount of $209,424.80, plus interest, costs, and attorney's fees.

Count 6
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Ricki Salsburg)

32. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

33. Defendant Ricki Salsburg is and was an officer, manager, director and/or shareholder of Penn Dutch-Hollywood and Penn Dutch-Margate who operated the defendant companies during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

34. Defendant Ricki Salsburg failed to direct the defendant companies to fulfill their statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

35. Defendant Ricki Salsburg's failure to direct the defendant companies to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

36. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant Ricki Salsburg in the aggregate principal amount of $209,424.80, plus interest, costs and attorney's fees.

Count 7
(Unlawful Dissipation of Trust Assets by
A Corporate Official – Paul Salsburg)

37. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

38. Defendant Paul Salsburg is and was an officer, manager, director and/or shareholder of Penn Dutch-Hollywood and Penn Dutch-Margate who operated the defendant companies during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

39. Defendant Paul Salsburg failed to direct the defendant companies to fulfill their statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

40. Defendant Paul Salsburg's failure to direct the defendant companies to maintain PACA trust assets and pay Intervening Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

41. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant Paul Salsburg in the aggregate principal amount of $209,424.80, plus interest, costs and attorney's fees.

Count 8
(Unlawful Dissipation of Trust Assets by
A Corporate Official – Micah Salsburg)

42. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

43. Defendant, Micah Salsburg, is and was an officer and/or manager of Penn Dutch-Hollywood and Penn Dutch-Margate, who operated the defendant companies during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

44. Defendant Micah Salsburg failed to direct the defendant companies to fulfill their statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

45. Defendant Micah Salsburg's failure to direct the defendant companies to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

46. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant Micah Salsburg in the aggregate principal amount of $209,424.80, plus interest, costs and attorney's fees.

Count 9
(Unlawful Dissipation of Trust Assets by
A Corporate Official – Sophy Salsburg)

47. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

48. Defendant Sophy Salsburg is and was an officer and/or manager of Penn Dutch-Hollywood and Penn Dutch-Margate who operated the defendant companies during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

49. Defendant Sophy Salsburg failed to direct the defendant companies to fulfill their statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

50. Defendant Sophy Salsburg's failure to direct the defendant companies to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

51. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant Sophy Salsburg in the aggregate principal amount of $209,424.80, plus interest, costs, and attorney's fees.

Count 10
(Unlawful Dissipation of Trust Assets by
A Corporate Official – Jacob Salsburg)

52. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

53. Defendant Jacob Salsburg is and was an officer and/or manager of Penn Dutch-Hollywood and Penn Dutch-Margate who operated the defendant companies during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Intervening Plaintiff.

54. Defendant Jacob Salsburg failed to direct the defendant companies to fulfill their statutory duties to preserve PACA trust assets and pay Intervening Plaintiff for the produce supplied.

55. Defendant Jacob Salsburg's failure to direct the defendant companies to maintain PACA trust assets and pay Intervening Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

56. As a result of said unlawful dissipation of trust assets, Intervening Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Intervening Plaintiff requests judgment against Defendant Jacob Salsburg in the aggregate principal amount of $209,424.80, plus interest, costs, and attorney's fees.

## Count 11
(Interest and Attorneys Fees)

57. Intervening Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

58. PACA and Intervening Plaintiff's invoices entitle Intervening Plaintiff to recover interest and attorney's fees in the event that Defendants violate their obligation under PACA and the invoices by failing to pay for the produce.

59. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Intervening Plaintiff has lost the use of said money.

60. As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Intervening Plaintiff, Intervening Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

61. Defendants' continued failure to make full payment promptly for the produce sold and delivered to Defendants, entitles Intervening Plaintiff to recover interest and attorney's fees in enforcing the PACA trust and the invoices.

WHEREFORE, Intervening Plaintiff requests judgment against each of the Defendants, jointly and severally, for pre-judgment interest, costs, and attorney's fees.

Dated this _____ day of _____, 2019.

>FURR AND COHEN, P.A.
>Attorney for Plaintiff
>2255 Glades Road, Suite 301East
>Boca Raton, FL 33431
>(561) 395-0500/(561)338-7532-fax
>
>
>By /s/_____
>MARC P. BARMAT
>Florida Bar No. 0022365
>email:  mbarmat@furrcohen.com